**AFFIRMED and Opinion Filed July 28, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-01105-CR

**JAMES MARCEL ENGLISH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 31659**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

Appellant James Marcel English was convicted for unlawful possession of a firearm by a felon. Appellant's court-appointed counsel filed an *Anders* brief and a motion to withdraw as counsel asserting that there are no arguable issues of reversible error on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious issues in our review of the record, we affirm the trial court's judgment.

## Background

Appellant was charged with the third-degree felony offense of unlawfully possessing a firearm as a felon. *See* TEX. PENAL CODE ANN. § 46.04(a). After waiving his right to a jury, he pleaded guilty to the offense as charged. At the plea hearing, appellant stated he had the opportunity to talk to counsel before he signed the plea agreement, understood the rights he was waiving in pleading guilty, wished to waive those rights and proceed with the agreement he reached with the State, was pleading guilty because he was guilty and for no other reason, and no one had promised him anything or threatened him to induce his plea. His signed judicial confession was entered into evidence without objection. Pursuant to the plea agreement, the trial court deferred a finding of guilt, placed appellant on deferred adjudication community supervision for a term of five years, assessed a fine of $1,000, ordered appellant to perform 100 hours of community service, and ordered appellant to further comply with the standard terms and conditions of community supervision.

Appellant's conditions of community supervision were amended several times during his five-year term, including a condition that he serve ninety days in the Hunt County Jail. Ultimately, the case proceeded to a hearing on the State's first amended third motion to revoke appellant's deferred adjudication community supervision and request for final adjudication. The State alleged that appellant violated his conditions of community supervision by (1) committing the new offense

of assault bodily injury; (2) failing to appear in the 196th District Court on January 22, 2020; (3) failing to notify his supervision officer of the new arrest; (4) committing the new offense of assault family violence; (5) failing to pay his monthly supervision fee and his $1,000 fine; (6) failing to pay all court costs and attorney's fees; (7) failing to pay the Crime Stoppers fee; (8) failing to reimburse the Hunt Community Supervision and Corrections Department for the cost of urinalysis testing; and (9) failing to perform 100 hours of community service.

Appellant pleaded not true to allegations (1) and (9), and pleaded true to allegations (2), (3), and (5) – (8), raising the affirmative defense of incarceration as to allegation (2). The State abandoned allegation (4). The State presented testimony from two witnesses, and appellant testified for the defense. The trial court found allegations (1), (3), and (5) – (9) to be true, and allegation (2) to be not true. The trial court revoked appellant's community supervision, adjudicated appellant guilty of unlawful possession of a firearm by a felon, and assessed his punishment at seven years' confinement.

After sentencing appellant, the trial court asked the State "to prepare paperwork and [stated] I'll sign a judgment when it's presented." The next day, via Zoom, the court announced it was back on the record and explained that appellant's attorney had "waived the right to be here this afternoon for this portion of the proceeding because I've already made all of the decisions I'm going to make. Nothing is going to change." The trial court summarized the proceedings from the

previous day including its findings, adjudication of guilt, and sentence of seven years and explained that appellant would be given 307 days of credit for time served and credit in full for any fees and costs. The trial court also advised appellant of his right to appeal and asked him if he had made a decision as to whether he intended to appeal. Appellant stated that he had not made a decision and, in response to the trial court asking him whether he had any questions about his right to appeal, appellant asked, "Just if I do decide to appeal, how do I do it?" The trial court informed appellant that he could not advise him on how to appeal but, if he indicated he wanted to appeal, the court would appoint him an attorney for the appeal and the appointed attorney could help him appeal. Appellant then informed the trial court that he wanted to appeal, and the court appointed him appellate counsel. This appeal ensued.

## *Anders*

Appellant's first appointed appellate counsel filed an *Anders* brief, which this Court struck as formally deficient for failing to discuss the separate hearing at which the trial court completed the sentencing process without appellant's attorney present. *See English v. State*, No. 05-20-01105-CR, 2021 WL 5002425, at *2 (Tex. App.—Dallas Oct. 28, 2021, no pet.) (mem. op., not designated for publication). We abated the case to the trial court to appoint new appellate counsel. *Id.*

Appellant's second appointed appellate counsel also filed an *Anders* brief. In addition to addressing the evidence presented at the revocation hearing, the accuracy

–4–

of the judgment and sentence, and whether trial counsel's representation was effective, appellate counsel addressed the separate hearing as follows:

> Trial Counsel was ineffective for failing to object to the Court holding the formal sentencing hearing with[out] his presence or not appearing at the actual sentencing hearing.
>
> The trial Court holding a sentencing hearing without Appellant's attorney was a clear violation of Appellant's 5th and 6th Amendment[s] to the United States Constitution. The sentencing hearing is a critical stage in a criminal case.
>
> . . .
>
> However, the Court merely announced the sentence and signed the paperwork. The actions of the Court were in accord with the oral sentence pronounced when the Appellant and his attorney were in open Court. There is nothing trial counsel could have done to protect Appellant's rights at that hearing. While the trial Court's actions were a clear violation of Appellant's rights, this Court will find that the actions of the trial Court constituted a "harmless error".

Appellate counsel concluded that there are no arguable issues of reversible error and that the appeal is without merit and frivolous. He also filed a motion to withdraw as appointed counsel.

When this Court receives an *Anders* brief asserting no arguable grounds for appeal exist, we must independently review the record to determine whether the appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We do not review the merits of potential issues set out in the brief or raised in a pro se response but, instead, determine whether there are any arguable grounds for reversal. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If we conclude, after conducting an independent review, that

appellate counsel has made a thorough and conscientious examination of the record and agree the appeal is frivolous, we must grant counsel's motion to withdraw and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 688–89 (Tex. Crim. App. 2006).

The brief before us meets the requirements of *Anders*. It presents a professional evaluation of the record citing to legal authority and showing why there are no arguable grounds to advance on appeal. *See Schulman*, 252 S.W.3d at 406. Counsel provided appellant a copy of the brief, advised him of his right to examine the record and file a response, and advised him of his right to seek discretionary review in the Texas Court of Criminal Appeals should this Court conclude his appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Additionally, this Court separately provided appellant a copy of the brief filed by counsel and notified him about his right to examine the appellate record, file a pro se response, and file a petition for discretionary review. Appellant did not notify this Court that he wished to examine the record or file a response to the *Anders* brief.

We have independently reviewed the record and counsel's brief, and we agree the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal.

**Conclusion**

We grant counsel's motion to withdraw and affirm the judgment of the trial court.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
201105F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JAMES MARCEL ENGLISH, Appellant

No. 05-20-01105-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court, Hunt County, Texas
Trial Court Cause No. 31659.
Opinion delivered by Justice Smith. Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of July 2022.